**JENNER & BLOCK LLP**
Kate Spelman (SBN 269109)
kspelman@jenner.com
Madeline Skitzki (SBN 318233)
mskitzki@jenner.com
Julia Hirata (SBN 334889)
jhirata@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:(213) 239 5100
Facsimile: (213) 239-5199

Attorneys for Defendant
THE BRADFORD EXCHANGE, LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RUIZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BRADFORD EXCHANGE, LTD., an Illinois corporation; and DOES 1-50, inclusive, <br><br> Defendant. | Case No. **'23CV1800 WQHKSC** <br><br> **NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant The Bradford Exchange, Ltd. ("Bradford") hereby effects the removal of a state court civil action titled *Jose Ruiz, et al. v. The Bradford Exchange, Ltd.*, No. 37-2023-00037208-CU-BT-CTL, from San Diego Superior Court, California (the "State Court Action"), to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from Bradford, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(d) (providing that San Diego County is part of the Southern District of California).

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. On August 28, 2023, Plaintiff Jose Ruiz ("Plaintiff"), who is a resident of California, filed the State Court Action in the Superior Court of the County of San Diego. An identical copy of the complaint was served with summons on Bradford on August 30, 2023. Copies of the complaint and summons are attached hereto as **Exhibit A**. A copy of the proof of service is attached hereto as **Exhibit B**.

2. No substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Exhibit C**.

3. The Complaint alleges that Bradford enrolled consumers in automatic renewal subscriptions, without first providing clear and conspicuous disclosures. *See* Ex. A, Compl. ¶¶ 14–41. Based on those allegations, Plaintiff asserts two causes of action against Bradford: (1) violation of the False Advertising Law, Cal. Bus & Prof. Code §§ 17500, *et seq.* (Count I, *id.* ¶¶ 31–34); and (2) violation of the Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.* (Count II, *id.* ¶¶ 35–41).

4. Plaintiff seeks restitution, costs of suit, prejudgment interest, and attorneys' fees. *Id.* at 18. Plaintiff seeks these remedies on behalf of a class containing "[a]ll California residents who were both (1) enrolled in a Bradford collection subscription on or after December 1, 2010 and (2) charged for one or more items as part of such subscription within the applicable statute of limitations." *Id.* ¶ 25.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

5. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

6. Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id.* at 84; *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (noting in a case removed under CAFA that a court must rely on "the allegations contained in the complaint" in determining the amount in controversy).

7. In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

**Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous**

8. Plaintiff purports to bring this action on behalf of "[a]ll California residents who were both (1) enrolled in a Bradford collection subscription on or after December 1, 2010 and (2) charged for one or more items as part of such subscription within the applicable statute of limitations." Compl. ¶ 25. According to Plaintiff, this proposed class "consists of at least 100 members." *Id.* ¶ 28.

9. Although Bradford does not concede the truth of Plaintiff's allegations, those allegations establish that the putative class has over 100 members and satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**There Is at Least $5,000,000 in Controversy**

10. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

11. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages *could* exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

12. In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g., Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the

'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

13. Without conceding any merit to Plaintiff's allegations, causes of action, and claims for restitution and attorneys' fees, the amount placed in controversy by Plaintiff's complaint satisfies CAFA's jurisdictional threshold.

14. Plaintiff's allegation concerning the proposed class, *i.e.*, "[a]ll California residents who were both (1) enrolled in a Bradford collection subscription on or after December 1, 2010 and (2) charged for one or more items as part of such subscription within the applicable statute of limitations" (*Id.* ¶ 25), puts in controversy all sales of the subscriptions at issue in California since December 1, 2010.

15. Bradford's sales data indicate that California retail sales of the subscriptions at issue during the putative class period likely exceed $5 million. Because the UCL and FAL provide for restitution as a form of relief, it is "reasonably possible" that Plaintiff's allegations, taken as true solely for purposes of the instant analysis, place the total retail sales of Bradford's products in controversy. *See Greene*, 965 F.3d at 772.

16. Plaintiff also seeks to recover attorneys' fees. *See* Ex. A, Compl. at 18. For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

17. Fee requests in consumer class actions, such as this case, are often significant. *See, e.g.*, *Troy v. Aegis Senior Communities LLC*, No. 16-3991, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, No. 09-2094, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-1027, 2020 WL 1972505, at *30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

18. Thus, taken together, Bradford's subscriptions sales and the potential attorneys' fees Plaintiff may recover satisfy the amount in controversy requirement for removal under CAFA.

**The Parties Are Minimally Diverse**

19. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

20. Plaintiff resides in California and is a citizen of California. Ex. A, Compl. ¶ 2. He also purports to represent a class of California residents. *Id.* ¶ 25.

21. Bradford is incorporated in Illinois and maintains its principal place of business in Niles, Illinois. *See* **Exhibit D** (Illinois Secretary of State website); Ex. A, Compl. ¶ 3. Accordingly, it is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

22. The minimal diversity requirement is satisfied here because members of the putative nationwide class are citizens of California, and Bradford is a citizen of Illinois. *See* 28 U.S.C. § 1332(d)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

23. Venue is proper in this Court because Plaintiff filed his complaint in San Diego County Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). *see also* 28 U.S.C. § 84(d) (providing that San Diego County is part of the Southern District of California).

24. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. Plaintiff effected service on Bradford on August 30. *See* Ex. B. Because this Notice of Removal is filed within 30 days of August 30, 2023, it is timely.

25. No attorneys for Bradford have entered an appearance or filed any pleadings or other papers responding to the Complaint in the Superior Court.

26. Pursuant to 28 U.S.C. § 1446(d), Bradford will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the San Diego County Superior Court and serve it on all parties. *See* **Exhibit E** (Notice to State Court).

## CONCLUSION

WHEREFORE, Bradford hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

Dated: September 28, 2023

JENNER & BLOCK LLP

By: */s/ Kate T. Spelman*
Kate T. Spelman

Attorneys for Defendant
The Bradford Exchange, Ltd.